I2FOGG, Judge.
Plaintiffs appeal an adverse judgment of the trial court granting a motion for summary judgment and sustaining an exception of lack of subject matter jurisdiction filed by various defendants. For the following reasons, we affirm.
The original plaintiffs in this action included eighteen individual school boards and three individual employees and retirees of the East Baton Rouge Parish School Board.[1] However, at the time of this appeal, one of the school boards had voluntarily withdrawn its appeal, leaving seventeen school boards and three individuals as appellants.[2] The original defendants consisted of the State of Louisiana through the Board of Trustees of the State Employees Group Benefits Program (hereinafter referred to as SEGBP); Edwin W. Edwards, in his official capacity as Governor of the State of Louisiana; and Raymond J. LaBorde, in his official capacity as Commissioner of Administration for the State of Louisiana. By this action, the plaintiffs asserted statutory and constitutional violations and sought a writ of mandamus, an injunction, and damages. They also sought the certification of a class action on behalf of various school boards and individual, active and retired school board employees.
In their petition, the plaintiffs alleged that the violation of constitutional and statutory laws by the defendants have had direct, ad *948 verse consequences on the health care of a large number of employees of school boards that chose not to participate in SEGBP. According to the plaintiffs’ petition, the school boards are statutorily authorized to either participate in SEGBP or to procure private contracts of insurance on behalf of their |3employees and retirees. The school boards have chosen the latter.
Plaintiffs alleged that SE GBP’s failure to raise premium levels for its self-funded health care plan, despite operating deficits, is an attempt to force the public school boards to participate in SEGBP. The reasoning behind this contention appears to be that because the school boards only receive one-half of the self-insured plan premium, which SEGBP deliberately suppressed with the assistance of the Louisiana legislature, the school boards who procure private contracts of insurance and their employees have incurred heightened expenses by having to pay the remaining premium for private insurance. In their petition, the plaintiffs alleged that, rather than increasing premiums, SEGBP inappropriately utilized a certain method of obtaining additional funding from the Louisiana legislature, that is, surcharges and supplemental funding. The plaintiffs claimed that these actions resulted in violations of due process and equal protection, deficit spending and improper accounting.
Early in the litigation, the trial court certified a class and the defendants appealed that judgment. This court in East Baton Rouge Parish School Board, et al v. State of Louisiana, et al, 94 CA 1622, March 3, 1995, (unpublished opinion) reversed the judgment of the trial court, finding that the evidence proffered in support of the certification of the class was inadequate to permit the certification. We remanded the case to the trial court and the plaintiffs did not subsequently pursue their effort to proceed as a class action.
After conducting a hearing, the. trial court denied the plaintiffs’ request for a writ of mandamus and a preliminary injunction. Subsequently, the Louisiana legislature was named as a defendant. Then, the plaintiffs and some of the defendants filed cross-motions for summary judgment; the Louisiana legislature filed a peremptory exception raising the objection of lack of subject matter jurisdiction.
The trial court granted the defendants’ motion for summary judgment and sustained the legislature’s exception of lack ofjjsubject matter jurisdiction. The plaintiffs appeal that judgment. Both parties stipulated there were no disputed issues of material fact and that the issues before the court were purely a matter of legal interpretation.
Initially, the appellants contend the trial court erred in finding no violation of the equal protection guarantees of both statutory and constitutional law when the appellees failed to treat persons and interest in a manner equal to those of a similarly situated classification. On this issue, the trial court provided the following reasons for judgment:
Under Louisiana Revised Statutes42:851 [sic] et seq., the State is not required to make any contribution whatsoever. Also, if the State decides to make a contribution, it may make one which “shall not exceed fifty percent” of either the amount of the Group Benefits premium or the premium charged by the non-Group Benefits insurer, whichever is less. Therefore, the amount of the Group Benefits premium sets a “ceiling” on the amount the State may contribute. It does not set a “floor” on that contribution; and, it certainly does not set a required contribution level that supports a charge of discrimination if it is not met.
The State statutory scheme makes available the opportunity to be a participant in Group Benefits, thereby offering the opportunity to all employees to avail themselves of the advantages of Group Benefits. There is no violation of the equal protection guarantees since it was the plaintiff school boards themselves who chose and continue to choose not to participate.
The appellants’ various arguments in support of the allegation that they are “similarly situated” to the participants of SEGBP fail to convince this court. In fact, most of the appellants’ argument on this issue is related to SEGBP’s deficit. However, we agree with the appellees’ contention that the appellants *949 do not have standing to complain about the deficit of a health care plan to which they do not belong. The appellants assert that they have standing as taxpayers. We disagree.
Louisiana jurisprudence recognizes the right of a taxpayer to enjoin unlawful action by a public body. Under our law, a taxpayer may resort to judicial authority to restrain public servants from transcending their lawful powers or violating their legal duties in any unauthorized mode which would increase the burden of taxation or otherwise unjustly affect the taxpayer or |5his property. Stewart v. Stanley, 199 La. 146, 5 So.2d 531 (1941). The fact that the taxpayer’s interest may be small and insusceptible of accurate determination is not sufficient to deprive him of the right. Stewart, 5 So.2d at 535.
In League of Women Voters of New Orleans v. City of New Orleans, 381 So.2d 441 (La.1980), the Louisiana Supreme Court further refined this standard and held that a taxpayer will not be allowed to compel the performance of a public duty by mandamus absent a showing of some special interest which is separate and distinct from the interest of the public at large. On the other hand, a citizen seeking to restrain unlawful action by a public entity is not required to demonstrate a special or particular interest distinct from the public at large. Stewart, 5 So.2d at 535.
In the instant case, the appellants refer this court to several constitutional articles (LSA-Const. art. 7, §§ 6(A), 10(A), (B), (F) and (G)) and statutes (LSA-R.S. 39:74 et seq.) in their attempt to show some unlawful deficit. However, we find this argument without merit. The appellants argue that the incurred but unreported claims (IBU) and reported but unpaid claims (RBU) of SEGBP indicate that SEGBP is not paying its claims, is incurring debt which it cannot pay, and is incurring a budget deficit.[3]
Legislative Auditor, Dr. Daniel Kyle, testified in deposition as follows: at one time, SEGBP was utilizing the modified accrual basis of accounting and was being funded on a cash basis by the legislature, at which time, the legislative auditor advised the legislature that the funds should be reported as a part of the general fund, and this was -done; the IBU’s and RBU’s reflect a current liability of the state general fund; currently the state is funding those liabilities on the legal basis of accounting, that is, cash basis; there was no need for SEGBP to increase premiums in order to fund the debt; no audit |6had concluded that SEGBP overspent its budget because the legal basis of accounting is cash basis — they never spent more in cash than they were budgeted to spend and that all debts of SEGBP would be paid if it closed its doors, because the general fund would pay the debts.
We find that the IBU’s and RBU’s are not a representation of a debt of SEGBP that cannot be paid; they are a percentage of the actual claims paid and represent a potential liability of the state general fund. This liability is being funded on a cash basis which, according to the legislative auditor, is in accordance with generally accepted accounting principles. Accordingly, the funding mechanisms of SEGBP are not unlawful or in violation of the constitution.
Therefore, to succeed in the argument that they have standing, the appellants must show some special interest which is separate and distinct from the interest of the public at large. League of Women Voters of New Orleans v. City of New Orleans, 381 So.2d 441 (La.1980). This they have not done. If the appellants were members of SEGBP, arguably, they could assert a “special interest which is separate and distinct from the interest of the public at large.” However, as non-members they have no “special interest” and, therefore, no standing to complain about the alleged deficits or accounting practices of SEGBP.
As to the appellants’ argument on equal treatment, we agree with the trial court; there is no violation of constitutional equal protection guarantees since it was the school boards themselves which chose and continue to choose not to participate in *950 SEGBP. LSA-R.S. 42:851 does not require the identical treatment of participants and non-participants. It simply sets a “ceiling,” not a “floor,” on the amount the state may contribute. There is nothing in the record to indicate that the appellant school boards have been refused participation in the system or that they would be treated differently if they choose to become participants. What is clear is that the appellants are treated the same as all non-participants, those groups with which they 17are truly similarly situated. The appellants have chosen not to participate in SEGBP, and therefore, cannot avail themselves of all of the benefits of members. They must accept only those benefits' and responsibilities of non-participants, which include current employees, retirees who are members of Medicare, and retirees who are not members of Medicare.
By analogy, if the appellants’ arguments were to be accepted, every employee entitled to employer-sponsored insurance coverage would be entitled to the amount of the premium paid by the employer, even if they choose not to participate in the employer-sponsored plan. Accordingly, the trial court correctly granted summary judgment in favor of the defendants.
The appellants’ next assignment of error is related to the trial court finding a lack of subject matter jurisdiction. The trial court ruled that the expenditure of state funds is a matter reserved to the legislative branch of our government, and LSA-C.C.P. arts. 3601 and 3862' allow for no exception once a state board or the state legislature certifies that the expenditure of state funds would have the effect of creating a deficit in the funds of that agency or violate the requirements placed upon the expenditure of such funds by the legislature. The appellants argue in their reply brief that nowhere in the record will this court find them attempting to force the appellees to make payments “that would have the effect of creating a deficit in the funds of the said agency or be in violation of the requirements placed upon the expenditure or such funds by the legislature.”
On this issue, the trial court ruled:
The plaintiffs (respondents in this exception), have acknowledged that the expenditure of state funds as requested by the plaintiffs would have the effect of creating a deficit in funds of the State Employees Group Benefits Program and, thus, violate the requirements placed on the expenditure of the funds by the Legislature. At the same time, the plaintiffs point out that defendants’ actions are in contravention of State law by, allegedly: discriminating against those plaintiffs participating in private health care plans outside the State Employees Group Benefits Program; operating the State Employees Group Benefits Program at a loss, thereby incurring debt in violation of State law; and, attempting to monopolize the group health insurance industry among state employees.
The expenditure of State funds is a matter preserved to the legislative branch of our government. Articles 3601 and 3862 of the Louisiana Code of Civil Procedure allow for no exception once a State board or the State Legislature certifies that the expenditure of State funds would have the effect of creating a deficit in the funds of that agency or violate the requirements placed upon the expenditure of such funds by the Legislature. Hence, this Court is bound to sustain the Louisiana Legislature’s declinatory exception of Lack of Subject Matter Jurisdiction of this Court to issue .an injunction or Mandamus.
Herein, both the executive director of SEGBP certified to the trial court that the expenditure of these funds would create a deficit in the funds of that agency. Therefore, we agree with the trial court that the expenditure of state funds is a matter reserved to the legislative branch. The trial court correctly sustained the exception of lack of subject matter jurisdiction.
Finally, the appellants argue that there is a direct constitutional prohibition against the very action being taken by the appellees, that is, the constitutional restraint against governmental agencies engaging in monopolistic practices, citing LSA-Const. art. 1, § 4. The appellants quote “for the purpose of halting competition with a government enterprise;” however, the relevant portion of article 1, § 4 *951 states: “No business enterprise or any of its assets shall be taken for the purpose of operating that enterprise or halting competition with a government enterprise.” The appellants are not a business enterprise, and therefore, this section of the constitution is inapplicable. This assignment lacks merit.
In conclusion, the appellants seek to have SEGBP raise its premiums in the anticipation that the increase will flow to the school districts that do not participate in SEGBP. However, we are mindful that LSA-R.S. 42:851 provides that the legislature “may” pay an amount “not to exceed 50%” of the SEGBP premium. The legislature may determine it will pay only 10% of the premium or any other amount it determines will keep its cost the same or lower. The appellants are not guaranteed they will be paid 50% of a higher premium under any circumstances.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against the appellants.
AFFIRMED.

. The Caddo Parish School Board was not listed in the petition caption; however, it was listed in the body of the petition as a plaintiff.

. The appellants are East Baton Rouge Parish School Board, Acadia Parish School Board, Bossier Parish School Board, Calcasieu Parish School Board, Cameron Parish School Board, Desoto Parish School Board, Iberia Parish School Board, Lafourche Parish School Board, Lincoln Parish School Board, St. Charles Parish School Board, St. James Parish School Board, St. John Parish School Board, St. Landry Parish School Board, St. Martin Parish School Board, St. Mary Parish School Board, Terrebonne Parish School Board, Vermillion Parish School Board, Preston George Sr., Robert Aertker, and Allen Alonzo.

. Appellants have provided this court with the most recent annual financial statements of SEGBP and requested that we take judicial notice of them. We decline to do so as such hjfor-mation has no bearing on the result reached in this case.