| .SEXTON, J.
This is an appeal from a trial court judgment sustaining a declinatory exception pleading the objection of lack of subject matter jurisdiction. We affirm.
FACTS AND PROCEDURAL HISTORY
On February 18, 2000, plaintiff, Evergreen Presbyterian Ministries, Inc. (“Evergreen”), filed a petition seeking injunction and declaratory relief against the Louisiana Department of Health and Hospitals (“DHH”) to prevent the implementation of a plan for reduction of the expenditure of public funds, which would result in decreased funding to Evergreen’s nonprofit organization and have an adverse affect on its operation of some fifty-three community homes throughout the state. In response to this petition, DHH filed a declinatory exception pleading the objection of lack of subject matter jurisdiction, asserting that LSA-C.C.P. art. 3601 and LSA-R.S. 13:4062 expressly prohibit an action for injunctive relief against a state department in a suit involving the expenditure of public funds where such an expenditure would cause a deficit in the funds of the department. The affidavit of David W. Hood, Secretary of DHH, was filed into the record, certifying that the expenditure of public funds in this instance would have the effect of creating a deficit in DHH funds.
The trial court signed a judgment on February 28, 2000, sustaining DHH’s exception and dismissing all of Evergreen’s claims for preliminary and permanent in-junctive relief. However, the trial court overruled DHH’s exception insofar as it sought the dismissal of Evergreen’s claims for declaratory relief.[2] Plaintiffs then ap *683 plied to this court for supervisory writs for review of the trial court judgment dismissing the injunctive relief claims. We declined to exercise our supervisory .jurisdiction, finding the judgment was appealable under LSA-C.C.P. 3612. Evergreen Presbyterian Ministries, Inc., Pointe Coupee Health Service District One d/b/a Pointe Coupee General Hospital, and Hospital Service District No. 1 of | ¡¡,Avoyelles Parish d/b/a Bunkie General Hospital, 2000-CW-0458 (La.App. 1st Cir.3/1/00). Thereafter, plaintiffs filed an appeal, assigning as error the trial court’s judgment partially granting DHH’s declinatory exception pleading the objection of lack of subject matter jurisdiction.
INJUNCTIVE RELIEF
In support of its exception, DHH relied on LSA-C.C.P. art. 3601[3] and LSA-R.S. 13:4062,[4] which state that no court shall have jurisdiction to issue, or cause to be issued, any temporary restraining order, preliminary injunction, or permanent injunction against any state department, board or agency, or any officer, administrator or head thereof, or any officer of the State of Louisiana in any suit involving the expenditure of public funds under any statute or law of this state to compel the expenditure of state funds when the director of such department, board or agency, or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature.
The affidavit of the DHH Secretary stated as follows, in pertinent part:
He is the Secretary of the Louisiana Department of Health and Hospitals, having been appointed by Governor Foster.
|4The Department of Health and Hospitals is an agency within the Executive Branch of the government of the State, of Louisiana.
The Department of Health and Hospitals (DHH) has projected a budget *684 shortfall for fiscal year 1999-2000 in its Title XIX Medical Assistance Program (commonly referred to as Medicaid) of approximately $126 million in total dollars. In addition Governor Foster issued Executive Order 99N>2 requiring the Department of Health and Hospitals to reduce overall expenditures by $22.5 million in state general funds. Of that $22.5 million, approximately $16 million in state general funds was cut from the Medicaid program, which when combined with federal matching funds equated to a budget cut of about $52.5 million in total funds. He developed a spending reduction plan to respond to the Medicaid shortfall and to Executive Order 99-52, ... and the General Appropriations Act, Act 10, Schedule 09, of the 1999 Regular Session ... which provides that “The secretary shall implement reductions in the Medicaid program as necessary to control expenditures to the level approved in this Schedule.” The total Medicaid budget cuts implemented due to the Medicaid shortfall and Executive Order 99-52 was approximately $180 million in total funds.
The spending reduction plan was provided to the Joint Legislative Committee on the Budget....
The spending reduction plan is being implemented by emergency rules to avoid a budget deficit in the Medicaid program, as authorized in the Louisiana Administrative Procedure Act, R.S. 49:953B(1)[.] The emergency rules were published in the February 20, 2000 issue of the Louisiana Register.
He hereby certifies that the issuance of any type of injunctive relief preventing the implementation of the above referenced emergency rules will result in the expenditure of public funds which will create a deficit in the funds of the Department of Health and Hospitals, within the meaning of Louisiana Code of [Civil] Procedure Article 3601. [Emphasis added.]
In applying the provisions of LSA-C.C.P. art. 3601 and LSA-R.S. 13:4062 to the instant case, the trial court found the law to be clear and controlling under the facts of the case. “When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” LSA-C.C. art. 9.
This court has previously ruled that the expenditure of state funds is a matter reserved to the legislative branch and an exception pleading the objection of lack of subject matter jurisdiction is properly sustained by the trial court when the agency’s director has certified that the expenditure of the funds would create a deficit in the funds of that agency. East Baton Rouge Parish School Board v. State Board of Trustees of the State Employees Group Benefit Program, 96-1793 (La.App. 1st Cir.9/19/97), 700 So.2d 945, 950, writ denied, 97-3116 (La.2/13/98), 709 So.2d 758.
We reject plaintiffs’ assertions that “DHH has absolutely no jurisprudential support for its reading of article 3601,” and that the cited East Baton Rouge Parish School Board v. State Board of Trustees of the State Employees Group Benefit Program decision applied only to a mandamus proceeding. We find East Baton Rouge Parish School Board v. State Board of Trustees of the State Employees Group Benefit Program to be directly on point. The factual recitation in that case stated, “the trial court denied the plaintiffs’ request for a writ of mandamus and a preliminary injunction.” East Baton Rouge Parish School Board v. State Board of Trustees of the State Employees Group Benefit Program, 700 So.2d at 948. (Em *685 phasis ours.) Further, in upholding the trial court ruling, this court stated, “The trial court ruled that the expenditure of state funds is a matter reserved to the legislative branch of our government, and LSA-C.C.P. arts. 3601 and 3862 allow for no exception.... ” East Baton Rouge Parish School Board v. State Board of Trustees of the State Employees Group Benefit Program, 700 So.2d at 950. (Emphasis ours.)
Plaintiffs contend that the cited statutory provisions are inapplicable to the instant case because they “have not sought to compel the expenditure of State funds, but rather seek to enjoin DHH from illegally and unconstitutionally implementing a series of emergency rules....”[5] Nonetheless, the DHH Secretary certified that enjoining the emergency rules will result in deficit spending by the department. The trial court rejected plaintiffs’ argument, stating that “it’s clear to everyone that ... this does involve the expenditure of public funds.” We find no error in the trial court ruling. Likewise, we reject plaintiffs’ argument asserting a | (¡right to traverse the affidavit of the DHH Secretary. No authority has been presented and we know of none that would- authorize such a traversal.
CONCLUSION
For the reasons assigned, we affirm the judgment of the trial court sustaining defendants’ exception pleading lack of subject matter jurisdiction as to injunctive relief. All costs of this appeal are to be borne by plaintiffs/appellants herein.
AFFIRMED.

. On the same day, an amended petition was filed adding as plaintiffs: Pointe Coupee *683 Health Service District One d/b/a Pointe Cou-pee General Hospital and Hospital Service District No. 1 of Avoyelles Parish d/b/a Bunkie General Hospital.

. LSA-C.C.P. art. 3601, provides, in pertinent part:
An injunction shall issue in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or 'in other cases specifically provided by law; provided, however, that no court shall have jurisdiction to issue, or cause to be issued, any temporary restraining order, preliminary injunction, or permanent injunction against any state department, board or agency, or any officer, administrator or head thereof, or any officer of the State of Louisiana in any suit involving the expenditure of public funds under any statute or law of this state to compel the expenditure of state funds when the director of such department, board or agency, or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature.

. LSA-R.S. 13:4062, provides:
No court shall have jurisdiction to issue, or cause to be issued, any temporary restraining order, preliminary .injunction, or permanent injunction against any state department, board or agency, or any officer, administrator or head thereof or any officer of the state of Louisiana in any suit involving the expenditure of public funds under any statute or law of this state to compel the expenditure of state funds when the director of such department, board or agency, or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature.

. We have previously noted the appropriate procedure for contesting the validity of an emergency rule is in accordance with LSA-R.S. 49:953(B)(3). Cressey v. Foster, 96-2716 (La.App. 1st Cir.4/25/97), 694 So.2d 1016, 1021.